## GRAHAM v. McGEOCH.

1. **Verdict:** CONTRARY TO INSTRUCTIONS, SET ASIDE. The instructions as given by the court are conclusive upon the jury as to the law of the case, and a verdict which is in conflict with the instructions given should be set aside.

*Appeal from Winnesheik District Court.*

THURSDAY, APRIL 19.

ACTION AT LAW. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*W. E. Akers* and *Willett & Willett*, for appellant.

*Brown & Portman*, for appellee.

BECK, J.—I. The petition is in two counts. The first de- clares upon a contract under which plaintiff rendered services

to defendant in buying and shipping live stock. It alleges that plaintiff was employed for a specified time, and before its expiration, without fault on his part, he was discharged from further services, and that defendant without cause refused to perform his contract. The second count claims to recover the reasonable value of services rendered by plaintiff for defendant, and for money paid out and expended at the request of defendant. The answer denies all allegations of the petition, and pleads payment for all services rendered by plaintiff.

II. There was evidence tending to support the first count of the petition, showing that the plaintiff was employed for a specified time, and that he was discharged before its expiration, but without any objection on his part. As applicable to this evidence, the court gave an instruction in the following language:

"13th. If you find that a contract for a definite period was made with plaintiff, and that afterward the plaintiff was discharged without any objection on his part—that is, if the contract was mutually rescinded by the parties, then, of course, plaintiff cannot recover on that contract for services afterward rendered, nor damages for a breach of the contract.

"But if it is not mutually rescinded, then defendant was originally liable on it, and he is yet."

The instruction must be regarded as the law in the case, which the jury were required to follow, without determining upon its correctness. We may, however, remark that, under the peculiar facts of the case, which need not be here recited, it presents a correct rule.

III. The evidence shows without contradiction that the plaintiff, when he was discharged from defendant's employment, made no objection thereto, and made no offer or claim to continue in defendant's employment. This is the purport of his own evidence, and no witness testifies to anything different. Under the rule of this instruction, plaintiff ought not to recover for the breach of the contract by reason of his

discharge, and the jury ought not to have rendered a verdict in his favor for any damages resulting therefrom. The verdict is general, and it is impossible for us to say that it does not include such damages. It ought to have been set aside upon defendant's motion, for the reason that it is in conflict with the instructions of the court.

IV. Other questions in the case need not be discussed. Several objections are urged to instructions, many of which are more in the nature of criticisms upon their language, than of complaint against the legal principles they announce. For the error of the court in overruling the motion to set aside the verdict on the ground above pointed out, the judgment is

REVERSED.